UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CARTEL HALL, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | )   16-3025-SLD |
|  | ) |
| MS. JACKSON, | ) |
|  | ) |
| Defendant. | ) |

### MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, and currently incarcerated in the Western Illinois Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a video merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming that on January 7, 2015, he visited the dentist, defendant Jackson, because he had a great deal of discomfort and pain due to several cavities. On January 28, 2015, he returned to Dentist Jackson who filled one of the plaintiff's cavities. However, the plaintiff's pain and discomfort grew worse. The plaintiff then returned to Dentist Jackson on August 7, 2015, and Dentist Jackson filled another of the plaintiff's cavities. However the plaintiff's pain and discomfort continued. Finally, on August 13, 2015, while examining the plaintiff, Dentist Jackson admitted that she had "forgotten" to put a wedge in the plaintiff's mouth back in January 2015 to prevent an overhang from developing, and that was the reason for the plaintiff's continued pain and discomfort. (Compl., pg. 12.)

"The Eighth Amendment prohibits cruel and unusual punishment; that guarantee encompasses a prisoner's right to medical care. It is well established that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This principle applies equally to dental care. But negligence, even gross negligence, does not violate the Constitution." *McGowan v. Hulick*, 612

F.3d 636, 640 (7th Cir. 2010); *see also* [Estelle v. Gamble, 429 U.S. 97, 104-06 (1976)](internal quotation marks and citations omitted). "With respect to the culpable state of mind, . . . the [defendant's] conduct must be reckless in the criminal sense." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008).

According to the plaintiff's complaint and the statements that he made during the hearing, the defendant admitted that she was negligent in forgetting to put a wedge in the plaintiff's mouth to prevent an overhang. This allegation does not rise to the level of criminal recklessness necessary to state a deliberate indifference claim. The plaintiff has pled himself out of court because he has stated a negligence claim against the defendant, not a federal claim for an alleged violation of his Eighth Amendment rights. Because, at most, the plaintiff's complaint states a negligence claim that should be heard at the state court level, the plaintiff's complaint fails to state a claim upon which relief can be granted, and the Court lacks subject jurisdiction over this case.

IT IS THEREFORE ORDERED:

1. The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2. The plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the court's prior order.

3. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED this 9th day of March, 2016.

/s/Haarold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE